UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA LAVORGNA AND ROBERT LAVORGNA : : : PLAINTIFFS : : v. : : HAMDEN SHORELINE ORAL AND MAXILLOFACIAL SURGERY ASSOCIATES, P.C. : : : DEFENDANT : : | JANUARY 7, 2020 |

## COMPLAINT

**I.   INTRODUCTION**

1.   This is an action for monetary damages, liquidated damages, interest, costs, attorneys' fees, and other relief as a result of Defendant's failure to pay overtime compensation due to Plaintiff, Rita Lavorgna, and compensation due to Plaintiff Robert Lavorgna in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and for unjust enrichment under Connecticut common law.

**II.   PARTIES**

2.   Plaintiffs are married and, at all relevant times residents of North Haven, Connecticut in New Haven County, Connecticut.

3.   At all times relevant to this Complaint, Plaintiff Rita Lavorgna was employed as a surgical dental assistant and medical office cleaner by Defendant, Hamden Shoreline Oral and Maxillofacial Surgery Associates, P.C. (hereinafter "Defendant"). Plaintiff Rita Lavorgna

worked in excess of forty (40) hours per work week without receiving overtime compensation as required by federal and state law.

4. Plaintiff Robert Lavorgna worked for the Defendant in the Defendant's Hamden, Connecticut office as a medical office cleaner, but was not compensated at all.

5. At all times material to this action, Defendant maintained a place of business in New Haven County at 2560 Dixwell Ave., Suite 2A, Hamden, CT 06514, where Defendant offered major and minor oral and maxillofacial surgery procedures.

6. Defendant employs over 15 employees.

7. Defendant transacts business within the State of Connecticut.

8. At all times relevant to this action, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

9. At all times relevant to this Complaint, Defendant directed Plaintiffs' work and determined the rate and method of payment of wages to Plaintiffs, had the authority to hire and fire Plaintiffs, maintained the employment records of Plaintiff, and was the cause of the violations complained of herein.

**III. JURISDICTION**

10. The United States District Court for the District of Connecticut has federal subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1331, because Plaintiff asserts claims arising under federal law.

**IV. FACTS**

11. Ms. Lavorgna commenced her employment with Defendant on or about 1990.

12. As of the fall of 2017, Plaintiff Rita Lavorgna had worked for the Defendant for twenty-seven (27) years in the position of a surgical dental assistant. Her employment was

terminated on October 26, 2017.

13. Plaintiff Rita Lavorgna also cleaned the Defendant's Hamden office with her husband, Plaintiff Robert Lavorgna. The cleaning involved five operating rooms as well as all other areas of the office. Plaintiffs began cleaning the Defendant's office in or around July, 2013.

14. Defendant had a plan or practice of avoiding paying overtime under the FLSA.

15. Defendant paid Plaintiff Rita Lavorgna every week by direct deposit, on the same day of the week, for her surgical dental assistant work. At the time of her termination in October 2017, Ms. Lavorgna was paid $24.92 per hour. On the average she worked thirty-five to forty (35-40) hours per week as a surgical dental assistant for Defendant in the Hamden office. Ms. Lavorgna's paystub for work as a dental assistant reflected the hourly rate and the hours worked.

16. After signing out for the day as a surgical dental assistant, Plaintiff Rita Lavorgna performed work for the Defendant as a medical office cleaner in Defendant's Hamden location.

17. Defendant paid Plaintiff Rita Lavorgna a flat fee on a monthly basis of $1,200.00. Defendant did not account for her hours or rate on her pay stub. In all other respects, the format of the paystub was identical to the format of the paystub as that of the check for the surgical assistant work.

18. Defendant deliberately did not account for Plaintiff Rita Lavorgan's hours on a weekly basis in order to avoid paying her overtime.

19. Defendant required Plaintiff Rita Lavorgna to work in excess of forty (40) hours per week on a regular basis, and willfully failed to pay overtime compensation for her labor and hours in excess of forty (40) hours per week.

20. Ms. Lavorgna worked at least 8 hours per week cleaning the Hamden medical office. Based on her flat rate of $1,200.00 per month, Defendant paid Ms. Lavorgna a basic rate of $276.92 per week and an hourly rate of $34.61.

21. At all relevant times, Plaintiff Robert Lavorgna worked for Defendant, 3-4 hours per week cleaning the office. He also changed lightbulbs, replaced filters and performed other general maintenance duties as necessary for equipment located at Defendant's office and the Defendant's facility. Defendant was aware that Plaintiff Robert Lavorgna cleaned the office and maintained the equipment but failed to pay him for the hours he worked.

22. During Plaintiff Robert Lavorgna's employment at Defendant's Hamden office, he did not receive any compensation.

## V. CLAIMS

**COUNT ONE**    **VIOLATION OF FLSA, 29 U.S.C. §§ 201** *et seq.* **ON BEHALF OF PLAINTIFF, RITA LAVORGNA, AGAINST DEFEDANT**

1-22. Plaintiff Rita Lavorgna incorporates herein Paragraphs 1-22 from above as if fully set forth herein.

23. Defendant, during three years prior to the filing of this Complaint, failed to pay Plaintiff Rita Lavorgna overtime compensation for hours worked in excess of forty (40) hours per week at a rate of one and one half times her regular rate of pay.

24. Defendant failed to pay Plaintiff Rita Lavorgna proper overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C §§ 201-219.

25. Defendant's conduct in this regard was a willful violation of the FLSA, unreasonable, arbitrary and / or in bad faith. Defendant deliberately failed to account for her hours in order to avoid paying overtime.

.

26.     As a result of Defendant's unlawful acts, Plaintiff Rita Lavorgna was deprived of earned wages in amounts to be determined at trial. Plaintiff is entitled to recover all compensatory damages for unpaid overtime, liquidated damages, interest, attorneys' fees, costs, and all other remedies at law or in equity.

**COUNT TWO        VIOLATION OF FLSA, 29 U.S.C. §§ 201 *et seq.* ON BEHALF OF PLAINTIFF, ROBERT LAVORGNA, AGAINST DEFEDANT**

1-22.   Plaintiff incorporates herein Paragraphs 1-22 from above as if fully set forth herein.

23.     At all relevant times, Defendant "suffered" or "permitted" Plaintiff Robert Lavorgna to work for Defendant, three to four (3-4) hours per week cleaning the Hamden office and maintaining the equipment, and thus employed Plaintiff Robert Lavorgna within the meaning of the FLSA 20 U.S.C. § 201(g).

24.     During 2016 until October 2017, Defendant was Plaintiff Robert Lavorgna's employer within the meaning of the FLSA 20 U.S.C. § 201(d).

25.     During his employment at Defendant's Hamden office, Plaintiff Robert Lavorgna did not receive any compensation even at least the statutorily mandated FLSA minimum wage for all hours he worked.

26.     Defendant's failure to pay Plaintiff Robert Lavorgna is willful, unreasonable, arbitrary and / or in bad faith.

27.     Plaintiff Robert Lavorgna is entitled to compensation for his time worked. In addition, Plaintiff Robert Lavorgna is entitled to recover liquidated damages, interest, attorneys' fees, costs, and all other remedies at law or in equity.

**COUNT THREE (ROBERT LAVORGNA - UNJUST ENRICHMENT)**

      1-22.   <u>Plaintiff</u> incorporates herein Paragraphs 1-22 from above as if fully set forth herein.

      23.   Plaintiff Robert Lavorgna worked for Defendant from July, 2013 until October 27, 2017. Defendant did not pay Plaintiff Robert Lavorgna for the work he performed.

      24.   Defendant benefitted and was unjustly enriched by Plaintiff Robert Lavorgna's work.

      25.   Defendant was aware that Plaintiff Robert Lavorgna was performing services for Defendant's benefit.

      26.   Plaintiff Robert Lavorgna is entitled to compensation for his time worked. In addition, Plaintiff Robert Lavorgna is entitled to all other remedies at law or in equity.

**VI.   JURY DEMAND**

      1.   Plaintiffs hereby demand trial by jury.

**VII.   DEMAND FOR RELIEF**

      **WHEREFORE**, the Plaintiffs claim as follows:

      1.   Unpaid wages and overtime wages under the FLSA and Connecticut common law;

      2.   Liquidated damages under the FLSA;

      3.   Attorneys' fees and costs under FLSA;

      4.   An award of pre-judgment and post-judgment interest as provided by law; and

      5.   Any such other and further legal and equitable relief as this Court deems necessary, just and proper, as well as any other relief available in law or in equity.

                    PLAINTIFFS
                    RITA LAVORGNA AND ROBERT LAVORGNA

By:    /s/ Heena Kapadia 11869
        Heena Kapadia
        Law Office of Heena Kapadia, LLC
        572 White Plains Road
        Trumbull, CT 06611
        Phone:  203-288-8006
        *hkapadia@heenakapadialaw.com*